**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BIANCA M. DIAMANTE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No.: 2:17-cv-08059 (PAZ)<br><br>**OPINION** |

**APPEARANCES:**

JAMES LANGTON
LANGTON & ALTER, ESQS.
1600 ST. GEORGES AVENUE
P.O. BOX 1798
RAHWAY, N.J.  07065
　　　On behalf of Plaintiff

EMILY B. MARKOS
SPECIAL ASSISTANT UNITED STATES ATTORNEY
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
P.O. BOX 41777
PHILADELPHIA, P.A.  19101
　　　On behalf of Defendant

STEPHEN M. BALL
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
SIXTH FLOOR
PHILADELPHIA, PA 19123

**PAUL A. ZOSS, United States Magistrate Judge.**

　　　This matter comes before the Court on the application of James Langton, Esq. with the law

firm of Langton & Alter, Esqs. ("Langton & Alter") for attorney fees.  Langton & Alter represented

1

Plaintiff on appeal under 42 U.S.C. § 405(g) from the Commissioner's denial of Disability Insurance Benefits under Title II of the Social Security Act (42 U.S.C. §§ 401, et seq.) and Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. §§ 1381, et seq.).  On August 16, 2019, this Court issued an Opinion and Order reversing the ALJ's May 27, 2016 decision (in which Plaintiff was found to be disabled during a closed period between March 29, 2011 and March 21, 2014) because it was not supported by substantial evidence and remanding the case to the Commissioner for further proceedings.  *See Diamante v. Saul*, Case No. 2:17-cv-08059 (PAZ), 2019 U.S. Dist. LEXIS 140008, at *1-2 (D.N.J. Aug. 16, 2019).

Plaintiff's counsel seeks reimbursement in the amount of $7,456.00 from the Social Security Administration pursuant to the fee-shifting provisions of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Specifically, Plaintiff's counsel seeks reimbursement for the following 38 hours of work:

| Date(s) | Task(s) | Hour(s) |
|---|---|---|
| 08/28/17 | Conference with claimant | 1.0 |
| 10/10/17 | Prepare and submit District Court complaint | 1.0 |
| 10/10/17 | Court order case assigned to Judge Vazquez | 0.1 |
| 01/09/18 | Receive and review transcript and testimony to make sure complete file | 3.1 |
| 01/23/18 | Review medical and vocational exhibits to prepare file (948 pp) | 7.2 |
| 01/25/18 | Prepare and file 9.1 letter | 2.6 |
| 01/20/18 | Receive and review letter SAUSA Re: 9.1 | 0.1 |
| 04/16/18 | Order case reassigned to Judge Linares | 0.1 |
| 12/26/18 | Order case reassigned to Judge Zoss | 0.1 |
| 03/05/19 03/06/19 | Review medical exhibits, research and prepare rough draft of plaintiff's brief | 14.9 |
| 03/07/19 | Prepare and submit final draft of plaintiff brief to Court | 4.7 |
| 04/02/19 | Receive and review Defendant's brief | 1.2 |
| 08/16/19 | Receive and review Opinion and Order Remanding Discuss with plaintiff | 0.9 |
| 09/13/19 | Prepare and submit EAJA Petition | 1.0 |
| | **TOTAL** | **38.0** |

The Commissioner does not dispute either that Plaintiff was a prevailing party or that the position of the United States was not substantially justified. ECF No. 30 at 2 n.2; s*ee also* 28 U.S.C. § 2412(d)(1)(B). The Commissioner also does not dispute the reasonableness of Plaintiff's counsel's requested hourly rate of $196.21. ECF No 30. at 8 n.5. The Commissioner concedes that Plaintiff's counsel is entitled to fees but disputes the total amount claimed. The Commissioner contends that if the Court should deduct all time entries relating to Plaintiff's opening brief, this would decrease the fee award to $3,610.26. ECF No. 30 at 7. The Commissioner alternatively contends that the Court should decrease the fee award to $4,924.87 based on reductions in various time entries. ECF No. 30 at 8-9.

The Commissioner correctly observes that the Court's August 16, 2019 Opinion identified several deficiencies in Plaintiff's thirty-two page opening brief. For example, the opening brief included a one-paragraph section entitled "Procedural History/Statement of Facts" that contained a terse procedural history of Plaintiff's administrative claim but no statement of facts whatsoever. *See* ECF No. 23 at 1-2; 3-32 (containing few, if any, record citations other than to the ALJ's decision). Similarly, the opening brief was not divided into sections separately treating each issue. *See* ECF No. 23 at 13-32 (challenging various ALJ findings for the Relevant Period – medical improvement, Listings, and residual functional capacity – in a single Argument section entitled "The Decision Does Not Take A Longitudinal Overview Of Plaintiff's Severe Mental Impairment And Thus The Commissioner Cannot Carry Her Burden Of Proof"). The Court's Opinion reiterated previous notification to Langton & Alter that any brief filed after May 13, 2019 that did not comply with Local Civil Rule 9.1(e) would be rejected, and any fees for re-briefing would not be credited when considering the reasonableness of fees for successful appeals. *See Diamante*, 2019 U.S. Dist. LEXIS 140008, at *29 (citing *Little v. Berryhill*, No.

2:17-cv-11708 (PAZ), 2019 U.S. Dist. LEXIS 82127, at *44-46 (D.N.J. May 13, 2019)). Although the Court did not require re-briefing in this case, the Opinion advised that the Court would consider the effect, if any, that Plaintiff's counsel's non-compliance (and the corresponding burden placed on the Court) should have on any award of fees in this case and would adjust any such fees accordingly.

The Court may reduce or deny attorneys' fees to a prevailing party under the EAJA if "special circumstances make an award unjust" or if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. §§ 2412(d)(1)(A), (C); s*ee also Taylor v. United States*, 815 F.2d 249, 252 (3d Cir. 1987) (EAJA applies "traditional equitable principles in ruling upon an application for counsel fees"); *Meyler v. Comm'r of Soc. Sec.,* Civ. No. 04-4669 (GEB), 2008 WL 2704831 at *2 (D.N.J. July 7, 2008) (review of attorneys' fees under EAJA is holistic and considers totality of circumstances). The Court is not persuaded that application of traditional equitable principles compels a complete denial of any and all fees relating to the opening brief, which was filed two months before the Court warned Plaintiff's counsel that such denial would result from subsequent failure to comply with Local Civil Rule 9.1(e).

It is well-established that "the party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Moreover, the Court has "a great deal of discretion" under the EAJA "to engage in a fair amount of 'judgment calling'

4

based upon its experience with the case and its general experience as to how much time a case requires." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989) (quoting *Hensley,* 461 U.S. at 437). The Court agrees that the requested fee award should be reduced on this ground.

Plaintiff's counsel seeks reimbursement for 14.9 hours spent on March 5 and 6, 2019 "[r]eview[ing] medical exhibits, research[ing] and prepar[ing] rough draft of" the opening brief. Plaintiff's counsel also seeks reimbursement for 4.7 hours spent on March 7, 2019 "prepar[ing] and submit[ting] final draft of" the opening brief. The Court finds that the March 5 and 6, 2019 time entries are not reasonable. The opening brief devoted considerable space to complaints about alleged errors in the ALJ's *favorable* decision that Plaintiff was disabled from the alleged onset date through March 21, 2014. Less than 150 pages of medical exhibits related to the relevant period that began after March 21, 2014, the relevant time period on appeal. The opening brief is devoid of any reference to or application of the applicable standard for medical improvement during the relevant period. The opening brief analyzed the wrong version of Listing 12.04A in the brief. The opening brief inaccurately represented that Plaintiff continued to reside in a homeless shelter when the record unambiguously demonstrated that she began living on her own in an apartment in May 2014. More than half of the 32-page opening brief consists of non-original material including consecutive pages of boilerplate legal standards and lengthy block quotes from the ALJ's decision. To be clear, the Court does not suggest that the inclusion of non-original material is inherently unreasonable. What renders the March 5 and 6 billing excessive is

the nearly two full days in preparation of an opening brief that was barely tailored to the record evidence – let alone to the evidence from the relevant period.[1]

The Court therefore finds, as set forth in the accompanying Order, that Plaintiff's counsel should be awarded fees under the EAJA in the amount of $5,886.30, which corresponds to 30 hours of work at the rate of $196.21 per hour.[2]

Dated: February 14, 2020  
At Newark, New Jersey

s/ Paul A. Zoss  
PAUL A. ZOSS, U.S.M.J.

---

[1] Having considered Plaintiff's counsel's reply brief in this fee dispute, the Court refers to Judge McNulty's well-crafted analysis in a similar fee dispute that also involved the Langton & Alter firm:

> I pause to consider the arguments of [claimant's] counsel, particularly in his reply to the Commissioner's brief. That submission forcefully argues for the necessity of using standard language and recycled legal arguments. I agree. The Social Security cases filed in this court seek review of regularized administrative procedures, and they inevitably involve recurring legal concepts. Counsel – particularly those who, like the Langton firm, specialize in this area – will develop forms and useful brief points that may be employed again and again.
>
> I repeat: there is nothing wrong with that. Counsel for plaintiffs, counsel for the government, and many a court (including this one) will reuse material from prior Social Security cases. The resulting economies of scale create efficiencies that might be unavailable to a one-time participant. My point is that the public is entitled to the benefit of such efficiencies when counsel bill for their work.

*Amparo v. Comm'r of Soc. Sec.*, No. 12-cv-6403 (KM), 2014 WL 4678033, at *4-5 (D.N.J. Sept. 18, 2014) (citing *Menter v. Astrue*, 572 F. Supp.2d 563, 566 (D.N.J. 2008)).

[2] The Court is not persuaded by the Commissioner's assertion that it was not reasonable for Plaintiff's counsel to spend one hour on October 10, 2017 preparing and submitting the Complaint. Nor was it unreasonable, as the Commissioner also asserts, for Plaintiff's counsel to spend 0.1 hours on each October 10, 2017, April 16, 2018, and November 26, 2018 reviewing Orders issued by the Court. A closer call is presented by the Commissioner's assertion that it was not reasonable for Plaintiff's counsel to spend 7.2 hours on January 23, 2018 "[r]eview[ing] medical and vocational exhibits to prepare file (948 pp)." Given the volume of Social Security disability cases handled by Plaintiff's counsel in this District, that nearly two years had passed since the ALJ hearing, and the 8-hour deduction discussed above, the Court concludes that this time entry was reasonable.